1  **ROBIN TUBESING #26680-49 [Indiana]**
Trial Attorney
2  GREGORY S. POWELL #182199
Assistant United States Trustee
3  **UNITED STATES DEPARTMENT OF JUSTICE**
Office of the United States Trustee
4  2500 Tulare Street, Suite 1401
Fresno, California 93721
5  Telephone: (559) 487-5002
Telecopier: (559) 487-5030
6  robin.tubesing@usdoj.gov

7  Attorneys for Tracy Hope Davis,
United States Trustee

8

9                    UNITED STATES BANKRUPTCY COURT

10                    EASTERN DISTRICT OF CALIFORNIA

11                         FRESNO DIVISION

12  In re:                                    Case No. 15-11734-B-13
                                              Chapter 13
13  GEORGE MANUEL SOUSA,

14                    Debtor(s).

15  _____

16  TRACY HOPE DAVIS,                         A.P. No.
United States Trustee,
17
                    Plaintiff,
18  v.

19  GEORGE MANUEL SOUSA,

20                    Defendant(s)            Judge:  W. Richard Lee

21        **COMPLAINT TO (1) DISMISS CHAPTER 13 CASE AND (2) ENJOIN
        DEFENDANT FROM FILING BANKRUPTCY FOR TWO YEARS**

22  TO THE HONORABLE W. RICHARD LEE,
23  UNITED STATES BANKRUPTCY JUDGE:

24        The Plaintiff, Tracy Hope Davis, the Plaintiff, by and through her undersigned counsel,

25  respectfully represents as follows:

26                         **JURISDICTION AND VENUE**

27        1.  This court has jurisdiction over this adversary proceeding pursuant to 28 U.S.C. §

28  1334(a), 28 U.S.C. § 157, and 11 U.S.C. § 1307(c).  This matter is a core proceeding under 28

                                    1

1   U.S.C. § 157(b)(2)(A), (J) and (O).  Venue is appropriate in this court pursuant to 28 U.S.C. §

2   1409(a).

3       2.   This proceeding relates to *In re George Manuel Sousa*, Case No. 15-11734-B-13 (the

4   "Current Case"), a Chapter 13 case pending in the United States Bankruptcy Court for the

5   Eastern District of California, Fresno Division (the "Fresno Division").

6                                          **STANDING**

7       3.   The Plaintiff has standing to bring this proceeding under 11 U.S.C. §§ 307 and

8   1307(c).  Under 11 U.S.C. § 307, the United States Trustee may raise and be heard on any issue

9   in any case or proceeding under title 11 (the "Bankruptcy Code").  11 U.S.C. § 1307(c) provides

10  that the United States Trustee may request, after notice and a hearing, that the Court dismiss a

11  case for cause.

12                                   **FACTUAL ALLEGATIONS**

13      4.   The Defendant filed the Current Case in the Fresno Division on April 30, 2015

14  ("Current Case").  The Defendant represents himself in *pro per*.

15      5.   The Defendant and his wife Melinda Ann Sousa have filed a total of five abusive

16  bankruptcies since November 19, 2014.

17      **Case No. 1 (05-12409-B-7):**

18      6.   The Defendant and his wife Melinda Ann Sousa filed a Chapter 7 bankruptcy

19  voluntary petition on March 30, 2005.

20      7.   The Defendant and Melinda Ann Sousa were granted a discharge on September 7,

21  2005.

22      8.   This was not an abusive filing.

23      **Case No. 2 (14-15605-B-13):**

24      9.   The Defendant filed a  "skeletal" *pro se* Chapter 13 bankruptcy voluntary petition on

25  November 19, 2014.

26      10.  The case was dismissed on December 9, 2014, for failure to file documents.

27      11.  The Defendant did not disclose his prior filing on the voluntary petition.

28  *///*

                                            2

**Case No. 3 (15-10108-B-13):**

12.  The Defendant filed a "skeletal" *pro se* Chapter 13 bankruptcy voluntary petition on January 15, 2015.

13.  The case was dismissed on February 2, 2015, for failure to file documents.

14.  The Defendant indicated a prior bankruptcy filed on October 17, 2014, on his voluntary petition, but did not provide the case number.  The Defendant has no prior filings that correspond with that date and did not disclose his actual prior filings.

**Case No. 4 (15-10668-A-13):**

15.  Melinda Ann Sousa filed a "skeletal" *pro se* Chapter 13 bankruptcy voluntary petition on February 25, 2015.

16.  The case was dismissed on March 16, 2015, for failure to file documents.

17.  Melinda Ann Sousa did not disclose any prior filings on her voluntary petition.

**Case No. 5 (15-11374-B-13):**

18.  The Defendant and Melinda Ann Sousa filed a "skeletal" *pro se* Chapter 13 bankruptcy voluntary petition on April 13, 2015.

19.  The case was dismissed on April 24, 2015, for failure to file documents.

20.  The Defendant did not disclose any prior filings on his voluntary petition.

**Current Case (15-11734-B-13):**

21.  The Defendant filed a *pro se* Chapter 13 bankruptcy voluntary petition on April 30, 2015.

22.  The Defendant did not disclose any prior filings on the voluntary petition.

**FIRST CLAIM FOR RELIEF**
(Dismissal under 11 U.S.C. § 1307(c))

23.  The Plaintiff restates and incorporates by reference the allegations contained in paragraphs 1 through 22 above as though set forth in full.

24.  Under 11 U.S.C. § 1307(c), the court may dismiss a case for cause.

25.  Cause for dismissal includes bad faith.  Factors indicating bad faith include, but are not limited to: (a) whether the debtor has a history of bankruptcy petition filings and case

3

dismissals; (b) whether the debtor intended to invoke the automatic stay for improper purposes, such as for the sole objective of defeating state court litigation; (c) whether egregious behavior is present; and (d) whether the debtor misrepresented facts in her petition or plan, unfairly manipulated the Bankruptcy Code, or otherwise filed the petition in an inequitable manner. <u>In re Leavitt</u>, 171 F.3d 1219, 1224 (9th Cir. 2004); <u>In re Price</u>, 353 F.3d 1135, 1139-1140 (9th Cir. 2004); and <u>In re Mitchell</u>, 357 B.R. 142, 153-54 (Bankr. C.D. Cal. 2006)(holding that the standards for bad faith used in Chapter 11 and 13 cases should be used in determining bad faith in Chapter 7).

26.  The Defendant's serial filings and dismissals, his failure to file schedules in most cases, and his failure to disclose his prior cases constitute bad faith and warrants dismissal of the Current Case.

**SECOND CLAIM FOR RELIEF**<br><u>(Injunctive Relief under Fed. R. Civ. P. 65)</u>

27.  The Plaintiff restates and incorporates by reference the allegations contained in paragraphs 1 through 26 above as though set forth in full.

28.  The Defendant is a serial bankruptcy filer.  Between the Defendant and his wife, they have filed a total of five abusive bankruptcies since November 19, 2014.  The Defendant was a debtor in four of those cases.

29.  The Defendant's pattern of successive filings is evidence of his willful failure to prosecute his cases in good faith and to abide by the Bankruptcy Code and Rules.

30.  The Defendant's sole purpose in filing successive cases appears to be to invoke the automatic stay to hinder and delay creditors.

31.  The Defendant's behavior constitutes an abuse of the bankruptcy system, and without an order barring refiling, the Defendant's creditors are at risk of further serial filings and abuse.

32.  The Defendant's failure to perform duties imposed by the Bankruptcy Code constitutes willful behavior sufficient to impose a 180-day bar against refiling pursuant to 11 U.S.C. § 109(g)(1).

1    33.  The Plaintiff has no adequate remedy at law.  The Defendant's actions and omissions

2  hinder the administration of justice and cause creditors and the bankruptcy system irreparable

3  harm.  The Defendant will continue to abuse the bankruptcy process unless this Court issues an

4  injunction barring the Defendant from filing another bankruptcy case for two years.

5    WHEREFORE, the Plaintiff prays that the Court:

6    (A) Dismiss the Current Case;

7    (B) Enjoin the Defendant from filing any bankruptcy case for two years; and

8    (C) Grant such other and further relief as is just and proper.

9  May 15, 2015                    Respectfully submitted,

10

11                    Gregory S. Powell
                    Assistant United States Trustee

12                    By:    /s/  Robin Tubesing
13                         Robin Tubesing

14                    Attorneys for Tracy Hope Davis
15                       United States Trustee

16                    Direct phone: 559-487-5002, ext. 224
17                    E-mail: robin.tubesing@usdoj.gov

18

19

20

21

22

23

24

25

26

27

28