**ROBIN TUBESING #26680-49 [Indiana]**
Trial Attorney
GREGORY S. POWELL #182199
Assistant United States Trustee
**UNITED STATES DEPARTMENT OF JUSTICE**
Office of the United States Trustee
2500 Tulare Street, Suite 1401
Fresno, California 93721
Telephone: (559) 487-5002
Telecopier: (559) 487-5030
robin.tubesing@usdoj.gov

Attorneys for Tracy Hope Davis,
United States Trustee

UNITED STATES BANKRUPTCY COURT

EASTERN DISTRICT OF CALIFORNIA

FRESNO DIVISION

| | |
|---|---|
| In re:<br><br>GEORGE MANUEL SOUSA,<br><br>                    Debtors. | Case No. 15-11734-B-13<br>Chapter 13<br><br>UST-001 |
| TRACY HOPE DAVIS,<br>United States Trustee,<br><br>                    Plaintiff,<br>v.<br><br>GEORGE MANUEL SOUSA,<br><br>                    Defendants. | A.P. No. 15-1062<br><br>DATE:  July 23, 2015<br>TIME:   1:30 p.m.<br>PLACE: United States Courthouse<br>              Department B, Courtroom 12<br>              2500 Tulare Street, Fifth floor<br>              Fresno, California<br><br>Judge:  W. Richard Lee |

**PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT**

TO THE HONORABLE W. RICHARD LEE,
UNITED STATES BANKRUPTCY JUDGE:

Tracy Hope Davis, the Plaintiff, by and through her undersigned counsel, hereby requests entry of default judgment against Defendant, George Manuel Sousa, as follows:

///

///

1

## I. FACTUAL ALLEGATIONS

1. The Defendant and his wife, Melinda Ann Sousa, have filed a total of five abusive bankruptcy cases since November 19, 2014.

**Case No. 1 (05-12409-B-7):**

2. The Defendant and his wife, Melinda Ann Sousa, filed a Chapter 7 bankruptcy voluntary petition on March 30, 2005. *See Voluntary Petition from Case No. 1 filed concurrently as Exhibit 1 to Declaration of Robin Tubesing in Support of Motion for Default Judgment ("Tubesing Decl.")*

3. The Defendant and Melinda Ann Sousa were granted a discharge on September 7, 2005. *See discharge order from Case No. 1 filed concurrently as Exhibit 2 to Tubesing Decl.*

4. This was not an abusive filing.

**Case No. 2 (14-15605-B-13):**

5. The Defendant filed a *"skeletal" pro se* Chapter 13 bankruptcy voluntary petition on November 19, 2014. *See Voluntary Petition from Case No. 2 filed concurrently as Exhibit 3 to Tubesing Decl.*

6. The case was dismissed on December 9, 2014, for failure to file documents. *See dismissal order from Case No. 2 filed concurrently as Exhibit 4 to Tubesing Decl.*

7. The Defendant did not disclose his prior filing on the voluntary petition. *See Exhibit 3 to Tubesing Decl.*

**Case No. 3 (15-10108-B-13):**

8. The Defendant filed a *"skeletal" pro se* Chapter 13 bankruptcy voluntary petition on January 15, 2015. *See Voluntary Petition from Case No. 3 filed concurrently as Exhibit 5 to Tubesing Decl.*

9. The case was dismissed on February 2, 2015, for failure to file documents. *See dismissal order from Case No. 3 filed concurrently as Exhibit 6 to Tubesing Decl.*

10. The Defendant indicated a prior bankruptcy filed on October 17, 2014, on his voluntary petition, but did not provide the case number. The Defendant has no prior filings that correspond with that date and did not disclose his actual prior filings. *See Exhibit 5 to Tubesing Decl.*

**Case No. 4 (15-10668-A-13):**

11. Melinda Ann Sousa filed a "skeletal" *pro se* Chapter 13 bankruptcy voluntary petition on February 25, 2015. *See Voluntary Petition from Case No. 4 filed concurrently as Exhibit 7 to Tubesing Decl.*

12. The case was dismissed on March 16, 2015, for failure to file documents. *See dismissal order from Case No. 4 filed concurrently as Exhibit 8 to Tubesing Decl.*

13. Melinda Ann Sousa did not disclose any prior filings on her voluntary petition. *See Exhibit 7 to Tubesing Decl.*

**Case No. 5 (15-11374-B-13):**

14. The Defendant and Melinda Ann Sousa filed a "skeletal" *pro se* Chapter 13 bankruptcy voluntary petition on April 13, 2015. *See Voluntary Petition from Case No. 5 filed concurrently as Exhibit 9 to Tubesing Decl.*

15. The case was dismissed on April 24, 2015, for failure to file documents. *See dismissal order from Case No. 5 filed concurrently as Exhibit 10 to Tubesing Decl.*

16. The Defendant did not disclose any prior filings on his voluntary petition. *See Exhibit 9 to Tubesing Decl.*

**Current Case (15-11734-B-13):**

17. The Defendant filed a *pro se* Chapter 13 bankruptcy voluntary petition on April 30, 2015. *See Voluntary Petition from Current Case filed concurrently as Exhibit 11 to Tubesing Decl.*

18. The Defendant did not disclose any prior filings on the voluntary petition. *See Exhibit 11 to Tubesing Decl.*

19. On June 19, 2015, the Chapter 13 Trustee filed a motion to dismiss the case for:

    1) Unreasonable delay by the Debtor that is prejudicial to creditors;
    2) Failure to appear at the scheduled 341 Meeting of Creditors;
    3) Failure to provide financial documents;
    4) Failure to file complete and accurate schedules; and
    5) Failure to file a complete plan.

A hearing on the matter is set for July 9, 2015. *See Chapter 13 Trustee's motion to dismiss filed in Current Case filed concurrently as Exhibit 12 to Tubesing Decl.*

## II.    <u>DEFAULT JUDGMENT STANDARD</u>

20. The Plaintiff requests default judgment pursuant to Rule 55(b)(2) of the Federal Rules of Civil Procedure, as incorporated by Rule 7055 of the Federal Rules of Bankruptcy Procedure. The Plaintiff is entitled to entry of judgment by default as a matter of law because the Defendant has failed to appear, answer or otherwise defend the action. The Plaintiff's evidentiary submissions are sufficient proof of the elements necessary to grant relief as requested in the complaint.

## III.    <u>DISMISSAL WITH PREJUDICE UNDER 11 U.S.C. § 1307(c)</u>

21. Under 11 U.S.C. § 1307(c), the court may dismiss a case for cause.

22. Cause for dismissal includes bad faith. Factors indicating bad faith include, but are not limited to: (a) whether the debtor has a history of bankruptcy petition filings and case dismissals; (b) whether the debtor intended to invoke the automatic stay for improper purposes, such as for the sole objective of defeating state court litigation; (c) whether egregious behavior is present; and (d) whether the debtor misrepresented facts in his petition or plan, unfairly manipulated the Bankruptcy Code, or otherwise filed the petition in an inequitable manner. *In re Leavitt*, 171 F.3d 1219, 1224 (9th Cir. 2004); *In re Price*, 353 F.3d 1135, 1139-1140 (9th Cir. 2004); and *In re Mitchell*, 357 B.R. 142, 153-54 (Bankr. C.D. Cal. 2006)(holding that the standards for bad faith used in Chapter 11 and 13 cases should be used in determining bad faith in Chapter 7).

23. In this case, the undisputed facts shows that the Defendant has a history of filing bankruptcy then refusing to participate in the process. Between the Defendant and his wife, they

1 have filed five abusive bankruptcy cases since November 19, 2014.  The Defendant has failed to
2 fulfill his obligations as a debtor in each of these cases.  In the Defendant's most recent case, the
3 Chapter 13 Trustee has moved for dismissal of his case, citing five separate grounds for cause.
4 These facts demonstrate the Defendant has filed these bankruptcy cases for the sole purpose of
5 hindering and delaying one or more creditors.

6     24.  The Defendant's conduct warrants a finding of bad faith, and the Defendant's
7 underlying bankruptcy case should be dismissed.

### IV.    INJUNCTIVE RELIEF UNDER FED. R. CIV. P. 65

9     25.  The Defendant is a serial bankruptcy filer.  He and his wife have filed five abusive
10 cases since November 19, 2014.

11     26.  The Defendant's pattern of successive filings and dismissals and failure to disclose
12 prior filings is evidence of his willful failure to prosecute his case in good faith and to abide by
13 the Bankruptcy Code and Rules.

14     27.  The Defendant's sole purpose in filing successive cases appears to be to invoke the
15 automatic stay to hinder and delay creditors.

16     28.  The Defendant's behavior constitutes an abuse of the bankruptcy system, and
17 without an order barring refiling, the Defendant's creditors are at risk of further serial filings and
18 abuse.

19     29.  The Defendant's failure to perform duties imposed by the Bankruptcy Code
20 constitutes willful behavior sufficient to impose a 180-day bar against refiling pursuant to 11
21 U.S.C. § 109(g)(1).

22     30.  However, a 180-day bar is insufficient to protect the Defendant's creditors from the
23 Defendant who, along with his wife, has filed five abusive bankruptcy cases.

24     31.  The Plaintiff has no adequate remedy at law.  The Defendant's actions and omissions
25 hinder the administration of justice and cause creditors and the bankruptcy system irreparable
26 harm.  The Defendant will continue to abuse the bankruptcy process unless this Court issues an
27 injunction barring the Defendant from filing another bankruptcy case for two years.

1  WHEREFORE, the Plaintiff prays that the Court enjoin the Defendant from filing any
2  bankruptcy case for two years and grant such other and further relief as is just and proper.

3  June 25, 2015  Respectfully submitted,

Gregory S. Powell
Assistant United States Trustee

    /s/ Robin Tubesing
Robin Tubesing

Attorney for Tracy Hope Davis
United States Trustee